1
2
3                                                              **O**
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10

11   DAVON WESTLEY MOORE,                    Case No. 2:21-cv-08957-DOC-KES
12              Petitioner,
                                             ORDER DISMISSING HABEAS
13        v.                                 PETITION AS SUCCESSIVE AND
                                             DECLINING TO ISSUE CERTIFICATE
14   JOHN SUTTON, Warden,                    OF APPEALABILITY
15              Respondent.
16

17
         On November 10, 2021, the Court received a petition for writ of habeas
18
     corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition" at Dkt.
19
     1) from Davon Westley Moore ("Petitioner").  The Petition is the second habeas
20
     corpus petition that Petitioner has filed in this Court challenging his 2014 state
21
     court conviction for first degree murder and resulting sentence of life without the
22
     possibility of parole.
23
         Under Rule 4 of the Rules Governing Section 2254 Cases in the United
24
     States District Courts, a habeas petition filed by a prisoner in state custody "must"
25
     be summarily dismissed "[i]f it plainly appears from the petition and any attached
26
     exhibits that the petitioner is not entitled to relief in the district court[.]"  As
27
     explained more fully below, the Petition must be dismissed without prejudice as a
28

                                              1

second or successive petition pursuant to 28 U.S.C. § 2244(b).

## I.

## BACKGROUND

**A.    State Court Proceedings.**

Petitioner was convicted of first degree murder in the Los Angeles County Superior Court following a jury trial.  People v. Moore, No. B260801, 2015 Cal. App. Unpub. LEXIS 8934, at *1 (Cal. App. Dec. 9, 2015).[1]  The California Court of Appeal described the facts presented at trial as follows:

> On September 20, 2011, [Petitioner] and his girlfriend, Sabrina King, decided to rob a barbershop owner, King King.  [Petitioner] carried a knife with him he said, "In case it gets crazy."  Ms. King had met Mr. King earlier that same day.  Ms. King lured Mr. King to the door of his shop.  [Petitioner] waited close by but out of Mr. King's sight.  When Mr. King opened the door, [Petitioner] sprang forward. [Petitioner] then stabbed Mr. King multiple times.  [Petitioner] took a laptop from the barbershop.  [Petitioner] and Ms. King fled to a friend's house where they were subsequently arrested.  Both changed into different clothing.  [Petitioner] and Ms. King left bloody footprints leading away from the barbershop and into an alley in the direction of the friend's house.  Ms. King testified against [Petitioner] at trial pursuant to a negotiated plea agreement.
>
> Elaine Csollany was sitting in a car parked near the barbershop at the time of the murder.  Ms. Csollany had seen Ms. King in the area 30 minutes earlier.  Around the time of the murder, Ms. Csollany saw

---

[1] This was Petitioner's second trial; in a previous trial, the trial court declared a mistrial after finding the jury hopelessly deadlocked.  (See Dkt. 16-3, 1 Clerk's Transcript ["CT"] 732-33.)

2

1     [Petitioner] and Ms. King heading towards the barbershop at a quick
2     pace.  Twenty-five minutes later, Ms. Csollany saw the two running in
3     the opposite direction.  [Petitioner] appeared to be holding a laptop
4     computer.  Ms. Csollany lost sight of [Petitioner] and Ms. King when
5     they entered an alley.
6         A confidential informant directed law enforcement officers to
7     the house where [Petitioner] and Ms. King were arrested.  [Petitioner]
8     had no injuries consistent with a fight.  The clothing [Petitioner] had
9     been wearing at the time of the murder tested positive for Mr. King's
10    blood.  Mr. King's blood was also found in the friend's house and on
11    a knife recovered from that residence.
12  Id. at *1-3.  The jury found that the murder was committed during the course of a
13  robbery and a burglary, and that Petitioner personally used a knife in the
14  commission of the killing.  Id. at *1.  He was sentenced to life without the
15  possibility of parole.  Id.
16      Petitioner appealed, arguing: (1) the trial court erred by not instructing the
17  jury that Ms. King was an accomplice as a matter of law; (2) the trial court erred by
18  instructing the jury on lying-in-wait murder because the theory lacked evidentiary
19  support; and (3) Petitioner's Confrontation Clause rights were violated when a
20  forensic pathologist, Dr. Eugene Carpenter, testified as to the opinion of a retired
21  pathologist, Dr. Ogbonna Chinwah, regarding the cause of the victim's death.  Id. at
22  *3-8.  The California Court of Appeal affirmed his convictions in a written opinion
23  issued December 9, 2015.  Id. at *8-9.
24      On January 11, 2016, Petitioner filed a petition for review in the California
25  Supreme Court, raising the same three claims that he raised in the California Court
26  of Appeal.  The California Supreme Court denied the petition on February 24,
27  2016.  People v. Moore, No. S231249 (Cal. Sup. Ct.).
28

3

1    **B.    Prior Federal Habeas Petition.[2]**

2           In April 2017, Petitioner filed a petition for writ of habeas corpus under 28

3    U.S.C. § 2254 in this Court.  Moore v. Muniz, No. 2:17-cv-2926-DOC-KES (C.D.

4    Cal.), Dkt. 1.  The petition initially raised three claims similar to those he had raised

5    in his direct appeal; however, Petitioner voluntarily dismissed two of the claims

6    after the Court noted that they either failed to present any issue of federal law (as

7    opposed to state law) and/or appeared to be unexhausted.  Id., Dkt. 3, 4, 6.  The

8    Court then considered the merits of Petitioner's remaining Confrontation Clause

9    claim and ultimately denied relief.  Id., Dkt. 20 (report & recommendation); Dkt. 24

10   (order adopting).  Judgment was entered dismissing the Petition with prejudice on

11   March 6, 2018.  Id., Dkt. 25.

12   **C.    Claims Raised in Current Petition.**

13          The instant Petition again challenges Petitioner's conviction for first degree

14   murder.  Although the Petition is not entirely clear, these claims appear to be as

15   follows: (1) the trial court improperly denied a motion Petitioner filed seeking to

16   force the prosecution to disclose the identity of the confidential informant; (2) the

17   prosecutor posed an improper hypothetical to an expert witness during cross-

18   examination; and (3) Ms. King's accomplice testimony was not sufficiently

19   corroborated to support his conviction.  (Pet. at 3-5.)

20                                          **II.**

21                                    **DISCUSSION**

22   **A.    The Petition Is An Improper Second or Successive Petition.**

23          28 U.S.C. § 2254, which is part of the Anti-Terrorism and Effective Death

24   Penalty Act ("AEDPA"), provides that "a person in custody pursuant to the

25

26          [2] The Court takes judicial notice of all of the court records referenced in this
27   order.  Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th
     Cir. 1980).
28

                                            4

judgment of a State court" may file a habeas petition challenging that judgment on the grounds "that he is in custody in violation of the Constitution or laws or treaties of the United States."  Generally, AEDPA permits a petition to file only one habeas petition under § 2254.  "A claim presented in a second or successive habeas corpus [petition] under section 2254 that was presented in a prior [petition] shall be dismissed."  28 U.S.C. § 2244(b)(1) (emphasis added).  Even if the second § 2254 petition raises a new claim that was not raised in the prior petition, the petitioner must demonstrate one of the following:

> (A) ... the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Additionally, before filing a second or successive § 2254 petition in the district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider" the second petition, showing that one of these criteria are met.  28 U.S.C. § 2244(b)(3)(A).

The Petition in this case is a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b).  It challenges the same conviction as Petitioner's prior habeas petition.  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing this Court to consider his new claims prior to the filing of the instant Petition.  Petitioner has not attached such an authorization, and publicly available records of the Ninth Circuit confirm that court

1   has not granted him one.  Petitioner's failure to secure an order from the Ninth

2   Circuit deprives this Court of subject matter jurisdiction.  <u>Cooper v. Calderon</u>, 274

3   F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

4   **B.      <u>Dismissal Rather Than Transfer Is Appropriate.</u>**

5            Ninth Circuit Local Rule 22-3(a) provides, "If an unauthorized second or

6   successive section 2254 petition or section 2255 motion is submitted to the district

7   court, the district court may, in the interests of justice, refer it to the Court of

8   Appeals."  The Court finds it more efficient in this case to dismiss the Petition

9   rather than refer it to the Ninth Circuit, because Petitioner has not attempted to meet

10  the standard set forth in § 2244(b)(2) for filing a second or successive petition (i.e.,

11  he does not attempt to invoke a new rule of constitutional law or point to new facts

12  that could not have been discovered previously through the exercise of due

13  diligence).

14  **C.      <u>A Certificate of Appealability Shall Not Issue.</u>**

15           "Unless a circuit justice or judge issues a certificate of appealability

16  ["COA"], an appeal may not be taken to the court of appeals from … the final order

17  in a habeas corpus proceeding in which the detention complained of arises out of

18  process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).  Rule 11 of the

19  Rules Governing Section 2254 Cases in the United States District Courts provides

20  in relevant part:

21           (a)      **Certificate of Appealability.** The district court must issue or

22           deny a certificate of appealability when it enters a final order adverse

23           to the applicant. Before entering the final order, the court may direct

24           the parties to submit arguments on whether a certificate should issue.

25           If the court issues a certificate, the court must state the specific issue

26           or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).

27           If the court denies a certificate, the parties may not appeal the denial

28           but may seek a certificate from the court of appeals under Federal

1      Rule of Appellate Procedure 22. A motion to reconsider a denial does

2      not extend the time to appeal.

3      (b)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a)

4      governs the time to appeal an order entered under these rules. A

5      timely notice of appeal must be filed even if the district court issues a

6      certificate of appealability.

7    Rule 11, Rules Governing 28 U.S.C. § 2254 Cases.

8      A COA may issue "only if the applicant has made a substantial showing of

9    the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel,

10   529 U.S. 473 (2000), the United States Supreme Court held that, to obtain a COA

11   under § 2253(c), a habeas petitioner must show that "reasonable jurists could debate

12   whether (or for that matter, agree that) the petition should have been resolved in a

13   different manner or that the issues presented were adequate to deserve

14   encouragement to proceed further." Id. at 483-84 (citation omitted). "The COA

15   inquiry … is not coextensive with a merits analysis." Buck v. Davis, 137 S. Ct.

16   759, 773 (2017). "[A] claim can be debatable even though every jurist of reason

17   might agree, after the COA has been granted and the case has received full

18   consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322,

19   338 (2003); see also Frost v. Gilbert, 835 F.3d 883, 888 (9th Cir. 2016) ("The

20   standard for granting a certificate of appealability is low.").

21      "Determining whether a COA should issue where the petition was dismissed

22   on procedural grounds has two components, one directed at the underlying

23   constitutional claims and one directed at the district court's procedural holding."

24   Slack, 529 U.S. at 485. Because both are required, "a court may find that it can

25   dispose of the application [for a COA] in a fair and prompt manner if it proceeds

26   first to resolve the issue whose answer is more apparent from the record and

27   arguments." Id. at 485. The general rule that courts should not pass upon a

28   constitutional question if another dispositive ground is present "allows and

1  encourages the court to first resolve procedural issues." Id. (citing Ashwander v.

2  TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

3      In the present case, the Court finds that Petitioner has not made the foregoing

4  showing with respect to any of the grounds for relief alleged in the Petition.

5  Accordingly, a COA is denied in this case.

6  **D.     Petitioner's Motion for Reconsideration is Denied.**

7      Along with his federal habeas petition, Petitioner filed a motion entitled,

8  "Motion for Reconsider of Informal Response." (Dkt. 2.) The motion attaches an

9  "Informal Response to Habeas Corpus Petition" filed by the State in L.A. Superior

10  Court in October 2021. (Id. at 3.) This appears to be a response to a habeas

11  petition Petitioner filed in the L.A. Superior Court in September 2021; state court

12  records appear to indicate that the petition was denied on November 2, 2021. See

13  L.A. Superior Court, Criminal Case Summary, Case No. GA084339,

14  http://www.lacourt.org/criminalcasesummary/ui/. Petitioner asks this Court "to

15  reconsider this petition for writ of habeas" and "grant [a] certificate of

16  appealability." (Dkt. 2 at 1.)

17      This Court has no authority to reconsider rulings of the L.A. Superior Court

18  in this matter. To the extent Petitioner is attempting to challenge that ruling by way

19  of the present Petition, for the reasons explained above this Court lacks jurisdiction

20  to consider that unauthorized second or successive Petition, and a certificate of

21  appealability shall not issue.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

8

**III.**

**CONCLUSION**

IT IS THEREFORE ORDERED that Petitioner's motion for reconsideration (Dkt. 2) is **denied** and Judgment shall be entered **dismissing** the Petition and this action without prejudice.  This dismissal is without prejudice to Petitioner filing an application seeking authorization to file a second or successive § 2254 petition in the Ninth Circuit Court of Appeals.

DATED:  November 29, 2021

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge

9